UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

vs.                                            CASE NO. 8:12-cr-538-T-17MAP

JOSE ELEUTERIO AREVALO.
_____/

**ORDER**

This cause comes before the Court on the government's motion for revocation of conditional order of release and incorporated memorandum of law. (Dkt. 17). The government seeks to revoke the conditional order of release (Dkt. 14) entered by Magistrate Judge McCoun on January 23, 2013. Magistrate Judge McCoun, among several other conditions, ordered the defendant to surrender his passport, refrain from possessing a firearm and post a bond in an amount totaling $100,000 secured by a forfeiture agreement and co-signed by Irma Alicea. (Dkt. 14). The government seeks revocation of the conditional order of release on the principle ground that the defendant is a serious flight risk. (Dkt. 17).

The grand jury returned a one count indictment against the defendant based on his involvement with a drug trafficking organization in violation of 21 U.S.C. §§ 841 and 846. As a result of the government's investigation, the government seized over $2 million in cash, 57 kilograms of cocaine, and several assault rifles. The government has charged, in addition to this defendant, several co-conspirators and represented to the Court that there are several charged (and uncharged) cooperating witnesses willing to testify at trial with regards to this defendant's

personal involvement in the drug trafficking conspiracy. Given the nature and seriousness of the drug offense with which the defendant is charged, it is not a stretch to assume that this defendant will face a guideline range between 292 and 365 months imprisonment if convicted.

The defendant was brought into federal custody on January 9, 2013. After waiving his right to an identity hearing, the defendant made his initial appearance in this Court's jurisdiction on January 18, 2013, at which time the government sought detention. Magistrate Judge McCoun held a bond hearing on January 23, 2013 and entered a conditional order of release on that same day. (Dkt. 14). It appears from the hearing transcript (and other papers) that Magistrate Judge McCoun considered the substantial pledge of security by the defendant's ex-wife in granting the conditional order of release. The government filed this motion the next day and asked the Court to set aside Magistrate Judge McCoun's conditional order of release. This Court then stayed the conditional order of release and took the government's motion under advisement pending an independent review of the evidence. After reviewing the entire docket, the papers filed by the parties, and the transcript of the hearing held before Magistrate Judge McCoun, the Court set the matter for an evidentiary hearing. The Court hereby incorporates by reference the entire evidentiary hearing transcript, which hearing took place at 10:30 a.m. on February 19, 2013.

The government offered the testimony of Special Agent Thompson from the Department of Homeland Security. Special Agent Thompson testified about his investigation of this drug organization, namely that it transported large quantities of cocaine to various locations in and between Dade City and Ocala. The government believes that the defendant is a typical participant, not a leader, in the conspiracy and his principle role is as a drug runner for this organization. Additionally, through Special Agent Thompson, the government proffered the testimony of several cooperating witnesses to establish the defendant's participation in the

conspiracy. Specifically, Special Agent Thompson testified that, among other things, the cooperating witnesses will testify at trial that defendant was referred to as a driver for the drug organization, he was referred to as "Crazy Eyes," and that he personally delivered no less than 240 kilograms of cocaine over a six month time period. Special Agent Thompson did concede, on cross-examination, that there was no surveillance showing the defendant in possession of any firearms seized, nor is there evidence that the defendant has been engaged in any illegal activity since the initial drug bust in 2009.

The defendant's ex-wife Irma Alicea also testified. Ms. Alicea testified that the Defendant is from El Salvador, where she believes the defendant's father and brother are still located. As a significant measure of support for the defendant, Ms. Alicea testified that she is willing to post the equity in her house as collateral for the bond for release.

## **DISCUSSION**

When requested, the district court must promptly undertake an evaluation of the propriety of a magistrate judge's pre-trial detention order. *United States v. King*, 849 F.2d 485 (11th Cir. 1988). In this particular instance, the Court did not simply rely on the record before the magistrate judge, it conducted a *de novo* review of the matter by reviewing the entire docket, the papers filed by the parties, the transcript of the hearing held before Magistrate Judge McCoun on January 23, 2013, and it received evidence from both parties at an evidentiary hearing at 10:30 a.m. on February 19, 2013. *See, e.g., United States v. Arredondo*, 1996 WL 521396, at *3-4 (M.D. Fla. Sept. 11, 1996) (reversing magistrate judge's conditional order of release after conducting a *de novo* review); *United States v. Ippolito*, 930 F. Supp. 581, 582 (M.D. Fla. 1996) (same).

The Bail Reform Act of 1984 permits district courts to grant or deny detention to a defendant after indictment pending trial. There is a rebuttable presumption of risk of flight or danger to the community when a defendant has been indicted for certain crimes. Specifically, when a defendant is indicted for an offense punishable by more than 10 years imprisonment pursuant to the Controlled Substances Act, there is a presumption that there is no condition of release that will reasonably assure the appearance of the defendant and the safety of the community. The grand jury indictment standing alone will trigger these statutory presumptions. *See United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985). Once the statutory presumptions are raised, the defendant has the burden of production at the detention hearing "to suggest that he [is] either not dangerous or not likely to flee if turned loose on bail." *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990) (internal citations omitted). The burden of persuasion remains with the government at all times to show that the defendant's presence cannot be reasonably assured by a conditional release (by a preponderance of the evidence standard) or that the defendant is a danger to the community (by the clear and convincing evidence standard). *Id.* Even if the defendant comes forward with evidence, the rebutted presumption is not erased entirely, "it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in section 3142(g)." *King*, 849 F.2d at 488 (internal citations omitted).

Pursuant to 18 U.S.C. § 3142(g), the factors to be considered are as follows:

**(g) Factors to be considered.**--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

The Court finds that the government established by a preponderance of the evidence that the defendant is a flight risk. At the outset, the government satisfied the statutory presumption because the defendant was indicted by a federal grand jury based on his substantial participation in a drug trafficking organization in violation of 21 U.S.C. §§ 841 and 846. In addition, the government presented live testimony by Special Agent Thompson, who detailed the magnitude of the drug trafficking by this organization and by this particular defendant. The Court places great emphasis on the fact that, according to Special Agent Thompson and the proffered testimony of several cooperating witnesses, the government presented evidence that this defendant was responsible for trafficking no less than 240 kilograms of cocaine over a six month time period and was observed at the location where the government seized over $2 million in

cash, 57 kilograms of cocaine, and several assault rifles. The Court specifically notes the government's exhibits 1 through 7, photographically depicting this defendant on the land where the contraband was located. Although the defendant's ex-wife testified that she is willing to post the equity in her house as collateral for the bond for release, which the Court does not take lightly, she also testified that the Defendant is from El Salvador, where she believes the defendant's father and brother still live.

Based on a *de novo* review of the entire record, the conditions of release do not reasonably assure that the defendant will appear at future proceedings. Accordingly, it is

**ORDERED** that the government's motion for revocation of conditional order of release is GRANTED. The defendant shall remain in custody at the Pinellas County Jail to remain accessible to his attorney and prepare for trial, which is currently set for March 18, 2013.

**DONE AND ORDERED** in Chambers in Tampa, Florida this 19th day of February, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies furnished to: All Counsel of Record